No. 17360. James Waldron v. The New York Central Railway Co.

Error to the Court of Appeals of Huron county.

NEW TRIALS—(1) Only one judgment of reversal on weight of evidence—Ground of excessive damages—(2) Court of appeals not precluded in certain cases.

MATTHIAS, J.

1. The provision of Section 11577, General Code, that the same court shall not grant more than one judgment of reversal on the weight of the evidence has reference to subdivision 6 of Section 11576, General Code, wherein it is provided that a new trial may be granted on the ground that the verdict is not sustained by sufficient evidence, and not to subdivision 4 of that section wherein it is provided that a new trial may be granted on the ground of excessive damages given under the influence of passion and prejudice.

2. The court of appeals is not precluded by the provisions of Section 11577, General Code, from reversing a judgment upon finding that the verdict upon which it is based is excessive, appearing to have been given under the influence of passion and prejudice, although a former judgment in the same case had previously been reversed upon the ground that the verdict was against the weight of the evidence.

Judgment affirmed.

Marshall, C. J., Hough, Robinson and Jones, JJ., concur. Wanamaker, J., dissents.

---

No. 17312. The City of Portsmouth v. The Nicola Building Co.

Error to the Court of Appeals of Scioto county.

CONTRACTS—(1) Public—Subsequent changes provided for—4331, 4332 GC. not applicable—(2) Recovery by contract for additional work.

MATTHIAS, J.

1. The provisions of Sections 4431 and 4332, General Code, have no application to a duly executed contract for the construction of a public improvement, which contract expressly provides for subsequent changes in the plans and specifications, which it is contemplated will become necessary in the progress of the work, and fixes the price to be paid therefor.

2. Where a contract for a public improvement was duly executed by a city, which therein expressly reserved the right to require changes in the plans and specifications during the progress of the work, upon the condition that a proportionate reduction be made from the contract price if the quantity of work or material be thereby reduced, or a proportionate increase in the contract price if the amount of the work and material was thereby increased, and thereafter physical conditions encountered did require such changes, which were made as directed in writing by the city, pursuant to the requirements of the contract, the contractor is entitled to recover for such additional work and material in accordance with the terms of the contract.

Judgment affirmed.

Hough, Robinson and Jones, JJ., concur. Wanamaker, J., took no part in the consideration or decision of the case. Clark, J., dissents.

---

No. 17164. L. C. Schendel v. Joseph Bradford, Admr., etc.

Error to the Court of Appeals of Cuyahoga county.

NEGLIGENCE—(1) Action for wrongful death—Amount of pecuniary injury issuable—Proof of, if denied—(2) Reviewing court may weigh evidence, when—(3) Excessive judgment, not result of passion or prejudice—(4) Duty to remand cause if remittur no consented to—(5) New trial should be awarded, when.

JONES, J.

1. In actions for wrongful death the amount of pecuniary injuries sustained is an issuable fact, and, when denied, must be determined from the evidence peculiar to each case. If the damages are found to be excessive by a reviewing court, such finding involves the weight of the evidence.

2. The right and authority of a reviewing court to weigh the evidence in passing upon a trial court's action on a motion for a new trial grounded on subdivision 6 of Section 11576, General Code, are not limited or restricted by reason of the fact that the motion is also grounded on subdivision 4 of the same section.

3. A reviewing court, having the power and authority to reverse on the weight of the evidence, finding the judgment and verdict excessive, but not the result of passion or prejudice, may reverse if the judgment and verdict are not sustained by sufficient evidence.

4. Where a reviewing court finds the verdict excessive, and that a judgment entered for the balance after remittitur of a part of the amount thereof is also excessive, it becomes the duty of the court, if further remittitur is not required and consented to, to remand the cause for new trial.

5. If the trial of reviewing court finds the verdict or judgment to be excessive, appearing to be induced by passion and prejudice, a new trial should be awarded. Judgment reversed.

Marshall, C. J., Robinson and Clark, JJ., concur. Matthias, J., concurs in propositions 1, 2, 3 and 5 of the syllabus and in the judgment. Hough, J., concurs in 2 and 3, but dissents from the judgment. Wanamaker, J., dissents.

---

## No. 84

BELLAIRE (City) v. FERRY CO. et al

Ohio Supreme Court, No. 17158, May 31, 1922

For Full Opinion, see 105 O. S. 247. 136 N. E. 899

FERRY—(1) Power of State to regulate fare, to shore of sister state—(2) Ordinance rate from shore of sister state invalid—Sec. 3642 GC. construed.

JONES, J.:

Epitomized Opinion

Error to Belmont Court of Appeals

The city of Bellaire, twenty years ago, attempted to exercise the powers conferred by 3642 GC., by passing an ordinance granting a licence to the defendant Company from Ohio side of Ohio river, to the West Virginia side and return, and fixing the rate of fare, it could charge for transporting or ferrying foot passengers across the river and return at the rate fixed in the ordinance.

The Company in June, 1919, disregarded the rate fixed in the ordinance and raised the rate for foot passengers to five cents each across the river. The city brought suit, asking an injunction against the company, restraining it from charging more than the rate provided in the ordinance. Held::

(1) That the state of Ohio had no authority to regulate the rate of fare for ferrage from the shore of a river in a sister state to the Ohio shore; and construed 3642 GC. as confining authority on the city to regulate license and fix fares from the Ohio shore to the West Virginia shore.

(2) As the ordinance of Bellaire attempted to fix a rate of round trip fares, which was in effect, regulating the fare from the West Virginia shore to the Ohio shore, the city had, in passing this ordinance, exceeded its authority and had attempted to exercise powers it did not have.

Attorneys—C. C. Sedgwick, for P. in E.; George A. Blackford and Heinlein, Spriggs & James, for D. in E.